UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                        :
In re                                   :       Chapter 11
                                        :
UNO RESTAURANT HOLDINGS                 :       Case No. 10-10209 (MG)
CORPORATION, *et al.*                   :
            Debtor.                     :       (Jointly Administered)
                                        :
-----------------------------------------------------------------x

**INTERIM ORDER PURSUANT TO SECTIONS 105(a), 363(b), 364, 503(b)(9), 507(a)(2), AND 1107(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO PAY PREPETITION CLAIMS OF CERTAIN ESSENTIAL VENDORS**

Upon the motion (the **"Motion"**)[1] of Uno Restaurant Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, **"Uno"** or the **"Debtors"**), for an order, pursuant to sections 105(a), 363(b), 364, 503(b)(9), 507(a)(2), and 1107(a) of chapter 11 of title 11 of the United States Code (the **"Bankruptcy Code"**), (i) authorizing, but not directing, the Debtors to pay prepetition claims of certain of their vendors that are essential to maintaining the going-concern value of the Debtors' business enterprise (the **"Essential Vendors,"** whose prepetition claims shall be identified as **"Essential Vendor Claims"**), (ii) authorizing banks and financial institutions (the **"Banks"**) at which the Debtors maintain disbursement and other accounts (the **"Bank Accounts"**), at the Debtors' instruction, to receive, honor, process, and pay, to the extent of funds on deposit, any and all checks (the **"Checks"**) or electronic funds transfers (the **"Electronic Transfers"**) relating to the Essential Vendor Claims, and (iii) scheduling a final hearing (the **"Final Hearing"**) to consider the relief requested on a final basis, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the **"Interim Hearing"**); and upon the record of the Interim Hearing and all of the proceedings had before the Court; and upon the Psallidas Affidavit; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis as provided herein; and it is further

ORDERED that the Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay all, or a portion, of the Essential Vendor Claims that come due prior to the Final Hearing, upon such terms and to the extent of the amounts estimated in the Motion; and it is further

ORDERED that the Debtors are authorized, but are not directed, in their sole discretion, to seek to cause each Essential Vendor to enter into an Essential Vendor Agreement with the Debtors as a condition to payment of its Essential Vendor Claim that includes terms substantially similar to the following:

(a) in the Debtors' sole discretion, the Debtors will make all payments, in cash, due the Essential Vendor for pre-Commencement Date transactions, on the due date or as soon as reasonably practicable thereafter;

(b) the Essential Vendor agrees, through the effective date of a chapter 11 plan, to be bound by the Customary Trade Terms (as defined below), which shall include, but not be limited to, credit terms, historical pricing conventions, historical product volumes, cash discounts, payment terms, allowances, rebates, normal product mix and availability, and other applicable terms and programs acceptable to the Debtors, so long as the Debtors are not then in postpetition default;

(c) the **"Customary Trade Terms"** shall be defined as those trade terms with the Essential Vendor that were in effect the day prior to the Commencement Date;

(d) the Essential Vendor acknowledges that it has reviewed the terms and provisions of this Motion and the order approving this Motion and consents to be bound thereby;

(e) the Essential Vendor agrees that, to the extent it has received payment from the Debtors of its Essential Vendor Claim but subsequently refuses to supply goods or services to the Debtors on Customary Trade Terms, all payments made to such Essential Vendor with respect to its Essential Vendor Claim shall be deemed to have been made in payment of the Essential Vendor's then-outstanding postpetition claims; provided, however, that the Debtors reserve the right to require that the Essential Vendor immediately repay the Debtors the amount of any payment made to the Essential Vendor with respect to its Essential Vendor Claim in excess of the postpetition claim of such Essential Vendor, without giving effect to any rights of setoff, recoupment, reclamation, or otherwise; and

(f) the Essential Vendor (i) waives any right it might otherwise have to file or otherwise assert against any of the Debtors, their estates, their affiliates, or any other person or entity, or any of the respective assets or property of the foregoing (whether real or personal), any claim (including, but not limited to, any reclamation claim or similar claim, including any claim under section 503(b)(9) of the Bankruptcy Code), proof of claim, or lien (regardless of the statute or other legal authority upon which such claim, proof of claim, or lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to such vendor by the Debtors arising from agreements or transactions entered into prior to the Commencement Date and (ii) where applicable, agrees to take (at its own expense) all necessary steps to withdraw, discharge, or remove any claim, proof of claim, or lien obtained prior to receipt of payment of the Essential Vendor Claim if such vendor has taken steps to file or assert such a claim, proof of claim, or lien prior to payment of the Essential Vendor Claim.

; and it is further

ORDERED that if the Essential Vendor refuses to supply goods and/or services to the Debtors on Customary Trade Terms (or such other terms as are agreed by the parties) following receipt of payment of its Essential Vendor Claim (regardless of whether such Essential Vendor has entered into an Essential Vendor Agreement), or fails to comply with any Essential Vendor Agreement entered into between such Essential Vendor and the Debtors, the Debtors are authorized to, in their discretion and without further order of the Court, declare that (a) any Essential Vendor Agreement between the Debtors and such Essential Vendor is terminated (if applicable) and (b) the payments made to such Essential Vendor on account of its Essential Vendor Claim, whether pursuant to an Essential Vendor Agreement or otherwise, shall be deemed to have been made in payment of then-outstanding postpetition claims of such Essential Vendor without further order of the Court or action by any person or entity. In such event, the Essential Vendor shall immediately repay to the Debtors any payments made to it on account of its Essential Vendor Claim to the extent that any such payments exceed the postpetition claims of such Essential Vendor then outstanding without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise. In the event that an Essential Vendor Agreement is terminated or an Essential Vendor refuses to supply goods and/or services to the Debtors on Customary Trade Terms following receipt of payment on its Essential Vendor Claim (regardless of whether such Essential Vendor has entered into an Essential Vendor Agreement), the Debtors and such Essential Vendor are to be returned to their *status quo ante*, i.e., their respective positions immediately prior to entry of this Order; and it is further

ORDERED that nothing contained in this Order shall constitute a waiver of the Debtors' right to seek damages or other appropriate remedies against any breaching Essential Vendor; and it is further

ORDERED that, notwithstanding the foregoing, the Debtors, in their business judgment, may reinstate an Essential Vendor Agreement if the underlying default under the Essential Vendor Agreement is fully cured by the Essential Vendor not later than five (5) business days following the Debtors' notification to the Essential Vendor that such default occurred, or the Debtors, in their business judgment, reach a favorable alternative agreement with the Essential Vendor; and it is further

ORDERED that the Debtors' inability to enter into an Essential Vendor Agreement with a particular Essential Vendor shall not preclude them from paying an Essential Vendor Claim when, in the exercise of their reasonable business judgment, such payment is necessary to the Debtors' operations; and it is further

ORDERED that, notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall change the nature or priority of the underlying Essential Vendor Claims nor create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person; and it is further

ORDERED that nothing herein shall be construed (i) to limit, or in any way affect, the Debtors' ability to dispute or contest the amount of or basis for any Essential Vendor Claim or any claims against the Debtors arising in connection with or relating to the Essential Vendor Claims or (ii) as a waiver by any of the Debtors of their rights to contest any invoice or other claim of an Essential Vendor under applicable law; and it is further

ORDERED that nothing contained in the Motion or this Order shall be deemed (a) an assumption, adoption, authorization to assume, or rejection of any executory contract or agreement between the Debtors and any third party pursuant to section 365 of the Bankruptcy Code, (b) a requirement that the Debtors make any of the payments authorized herein, or (c) a

5
A:\ESSENTIAL VENDOR MOTION (SLT VERSION).DOC

waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law; and it is further

ORDERED that the authorization granted hereby to pay Essential Vendor Claims shall not create any obligation on the part of the Debtors or their officers, directors, attorneys, or agents to pay the Essential Vendor Claims, none of the foregoing persons shall have any liability on account of any decision by the Debtors not to pay an Essential Vendor Claim, and nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status (unless otherwise entitled to administrative expense status), or otherwise affect the Essential Vendor Claims to the extent they are not paid; and it is further

ORDERED that the amount of such Essential Vendor Claim set forth in an Essential Vendor Agreement shall be used only for purposes of determining such Essential Vendor's claim under this Order and shall not be deemed a claim allowed by the Court, and the rights of all interested persons to object to such claim shall be fully preserved until further order of the Court; and it is further

ORDERED that no claimant who receives payment on account of an Essential Vendor Claim is permitted to file or perfect a lien, reclamation claim, or a claim under section 503(b)(9) of the Bankruptcy Code on account of such Essential Vendor Claim, and any such claimant shall take at the claimant's expense all necessary actions to remove any existing lien or withdraw such reclamation claim or 503(b)(9) claim relating to such Essential Vendor Claim, even if the lien, reclamation claim, or 503(b)(9) claim is against property of a non-debtor; and it is further

ORDERED that nothing in this Order shall prohibit the Debtors from seeking Court authority to increase the prepetition amounts authorized to be paid hereunder; and it is further

ORDERED that the Banks are authorized and directed, at the Debtors' instruction, to receive, honor, process, and pay, to the extent of funds on deposit, any and all Checks or Electronic Transfers drawn on the Debtors' Bank Accounts relating to the Essential Vendor Claims, including those Checks or Electronic Transfers that have not cleared the Banks as of the Commencement Date; and it is further

ORDERED that the Debtors are authorized to replace any prepetition Checks or Electronic Transfers relating to the Essential Vendor Claims that may be dishonored or rejected; and it is further

ORDERED that the Banks may rely on the representations of the Debtors as to which Checks or Electronic Transfers are in payment of the Essential Vendor Claims; and it is further

ORDERED that the requirements of Bankruptcy Rule 6003(b) are satisfied; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on February 10, 2010, at 2:00 p.m.

(prevailing Eastern Time), and any objections to entry of such order shall be in writing, filed with the Court in accordance with General Order M-242, and served upon counsel to the Debtors, the Notice Parties, and any committee of unsecured creditors appointed in these chapter 11 cases, in each case so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on February 3, 2010; and it is further

ORDERED that, pending entry of an order following the conclusion of the Final Hearing, the relief granted herein shall remain in effect on an interim basis; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: January 20, 2010
New York, New York

/s/ Martin Glenn_____
UNITED STATES BANKRUPTCY JUDGE