UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                                         :

In re                                          :         Chapter 11
                                                      :
UNO RESTAURANT HOLDINGS       :         Case No. 10-10209 (MG)
CORPORATION,                            :
                    Debtor.              :         (Jointly Administered)
                                                      :
-------------------------------------------------------------x

**FINAL ORDER PURSUANT TO
SECTIONS 105(a), 345(b), 363(b), 363(c) AND 364(a) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 6004 AUTHORIZING
DEBTORS TO (i) CONTINUE USING EXISTING CASH MANAGEMENT SYSTEM,
(ii) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND
(iii) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS**

Upon the motion (the **"Motion"**)[1] of Uno Restaurant Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, **"Uno"** or the **"Debtors"**), for an order, pursuant to sections 105(a), 345(b), 363(b), 363(c) and 364(a) of title 11 of the United States Code (the **"Bankruptcy Code"**) and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**) (A) authorizing Debtors to (i) continue using their existing cash management system (the **"Cash Management System"**) and continue the transfer of funds among the Debtors in the ordinary course of business and in certain instances to the Franchisees, consistent with their prepetition practices, (ii) honor certain prepetition obligations related to the Cash Management System and (iii) maintain and utilize existing bank accounts (the **"Bank Accounts"**) and business forms (the **"Business Forms"**), (B) extending time to comply with section 345 of the Bankruptcy Code, and (C) scheduling a final hearing (the **"Final Hearing"**) granting the relief requested in the Motion

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

on a final basis, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the **"Interim Hearing"**) and the Court having entered an interim order (the **"Interim Order"**) granting the relief requested in the Motion, pending the Final Hearing; and it appearing that due and proper notice of the Final Hearing having been given and that no other or further notice need be provided; and upon the record of the Interim Hearing and the Final Hearing and all of the proceedings had before the Court; and upon the Psallidas Affidavit, and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein on a final basis; and it is further

ORDERED that the Debtors are authorized and empowered, pursuant to sections 105(a) and 363(b) and (c) of the Bankruptcy Code, to continue to manage their cash pursuant to the Cash Management System maintained prior to the commencement of these chapter 11 cases

(the **"Commencement Date"**), and to collect, concentrate, and disburse cash in accordance with the Cash Management System, including intercompany transfers of funds, and to make ordinary course changes to their Cash Management System in accordance with the terms and conditions of the documents and orders evidencing the postpetition credit facility (the **"DIP Financing"**), without further order of the Court; and it is further

ORDERED that any and all prepetition blocked account agreements and similar control agreements entered into by any bank, Wells Fargo (in its capacity as agent under the prepetition Revolver), and the Debtors, shall continue in effect in favor of Wells Fargo (in its capacity as agent under the prepetition Revolver) until all amounts owing under the prepetition Revolver have been indefeasibly paid in full and are no longer subject to any challenge, and all rights of Wells Fargo (in its capacity as agent under the prepetition Revolver) under such agreements shall also inure to Wells Fargo or its successor (in its capacity as agent with respect to the DIP Financing); and it is further

ORDERED that the Debtors are authorized to continue to honor and make payments in respect of prepetition and postpetition intercompany obligations to subsidiaries and affiliates that are Debtors in these cases and to the Franchisees as they come due, in accordance with their prepetition practices under the Cash Management System and the terms and conditions in the documents and orders evidencing the DIP Financing; and it is further

ORDERED that the Debtors are authorized to pay all amounts that come due in the operation of the Cash Management System in accordance with the documents and orders evidencing the DIP Financing; and it is further

ORDERED that the Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be

adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors prior to the Commencement Date; and it is further

ORDERED that the Debtors are authorized to: (i) designate, maintain and continue to use any or all of the existing Bank Accounts listed on <u>Exhibit A</u> hereto, in the names and with the account numbers existing immediately prior to the Commencement Date, (ii) deposit funds in and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated clearinghouse transfers and other debits (subject to the budget approved as part of the DIP Financing and the terms and conditions in the documents and orders evidencing the DIP Financing), (iii) pay any bank fees or charges associated with the Bank Accounts, and (iv) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts; and it is further

ORDERED that except as otherwise provided in this Order, all financial institutions in which the Debtors maintain the Bank Accounts as of the Commencement Date are authorized and directed to continue to maintain, service, and administer such Bank Accounts without interruption and in the usual and ordinary course, and, at the Debtors' instruction, to receive, process, honor, and pay any and all checks, drafts, wires, or other transfers by the holders or makers thereof, as the case may be; <u>provided</u>, <u>however</u>, that nothing contained herein shall authorize any such financial institution to honor any check, draft, wire, or other transfer issued or dated prior to the Commencement Date, except as otherwise provided by order of this Court; <u>provided</u>, <u>further</u>, <u>however</u>, that any such financial institution may rely on the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Commencement Date should be honored pursuant to

an order of this Court, and such bank shall not have any liability to any party for relying on such representation by the Debtors as provided for herein; and it is further

ORDERED that with respect to the Overnight Investment Account, the Debtors shall be deemed to comply with section 345 of the Bankruptcy Code, and the Debtors are relieved from the obligation under section 345(b) to obtain a bond with respect thereto; and it is further

ORDERED that nothing contained herein shall prevent the Debtors from opening any additional bank accounts or closing any existing Bank Account(s) as they may deem necessary and appropriate (subject to the terms and conditions in the documents and orders evidencing the DIP Financing), and the Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such Bank Accounts or additional bank accounts; provided, however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation and that is organized under the laws of the United States or any State therein; and provided, further that the Debtors shall provide notice to the U.S. Trustee of any new Bank Accounts; and it is further

ORDERED that as soon as reasonably practicable, the Debtors shall mark "Debtors in Possession" on their existing checks; and it is further

ORDERED that the Debtors shall use reasonable best efforts to mark "Debtor in Possession" on their purchase orders; and it is further

ORDERED that pursuant to section 364(a) of the Bankruptcy Code, the Debtors are authorized in connection with the ordinary course of their Cash Management System to obtain unsecured credit and incur unsecured debt in the ordinary course of business without

notice and a hearing (subject to the terms and conditions in the documents and orders evidencing the DIP Financing); and it is further

ORDERED that the Debtors are authorized, but not directed, to pay prepetition amounts outstanding as of the Commencement Date, if any, owed to the Banks as service charges for the maintenance of the Cash Management System; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(a) are waived; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
February 17, 2010

/s/ Martin Glenn_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

# Bank Accounts

| Bank | Bank Contact Information | Account Type | Last Four Digits of Account Number |
|---|---|---|---|
| HSBC Bank USA, N.A. | 125 High Street<br>Oliver Street Tower, Floor 16<br>Boston, MA 02110<br>Tel: (617) 292-8485<br>Fax: (617) 338-3849<br>Attn: Elise M. Russo | Depository Accounts | 9860, 9878, 9886, 9908 |
| HSBC Bank USA, N.A. | 125 High Street<br>Oliver Street Tower, Floor 16<br>Boston, MA 02110<br>Tel: (617) 292-8485<br>Fax: (617) 338-3849<br>Attn: Elise M. Russo | Main Operating Account | 9851 |
| HSBC Bank USA, N.A. | 125 High Street<br>Oliver Street Tower, Floor 16<br>Boston, MA 02110<br>Tel: (617) 292-8485<br>Fax: (617) 338-3849<br>Attn: Elise M. Russo | Disbursement Accounts | 3624, 3659, 3632, 2976, 9843, 5541, 5568, 1436, 5533, 5550, 1070 |
| Bank of America | 100 Federal Street<br>Boston, MA 02110<br>Tel: (617) 434-7182<br>Fax: (617) 434-9346<br>Attn: Karen E. Tardif | Depository Accounts | 1051, 5664 |
| Bank of America | 100 Federal Street<br>Boston, MA 02110<br>Tel: (617) 434-7182<br>Fax: (617) 434-9346<br>Attn: Karen E. Tardif | Main Operating Account | 3222 |
| Bank of America | 100 Federal Street<br>Boston, MA 02110<br>Tel: (617) 434-7182<br>Fax: (617) 434-9346<br>Attn: Karen E. Tardif | Standalone 401k Savings Plan Account | 6961 |